IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MAZIN ISAAC** | **COMPLAINT FOR MONEY WITH JURY DEMAND ENDORSED HEREON** |
| Plaintiff(s) | |
| v. | Case No. |
| **CAPITAL ONE BANK (USA), N.A.** | Judge |
| Defendants | |

Plaintiff Mazin Issac through Counsel, and for his Complaint against Defendant Capital One Bank (USA), N.A. states as follows:

### NATURE OF ACTION

1. Plaintiff Mazin Issac brings this action seeking damages for Defendant Capital One for violations of the Illinois Consumer Fraud Act, 815 ILCS 505/2, ("ICFA"); the Fair Credit Billing Act, 15 U.S.C. 1601, *et seq.* ("FCBA"); and the Truth in Lending Act, 15 U.S.C. 1641, *et seq.* ("TILA")

### PARTIES, JURISDICTION, AND VENUE

2. Mazin Isaac ("Plaintiff" or "Mazin"), is a natural person, over 18 years-of-age, who at all times resided in Cook County, Illinois.

3. Defendant Capital One Bank (USA), N.A. ("Defendant" or "Capital One") is a national bank that provides various financial products and services in both Cook County and across the United States.

4. Capital One is the third largest credit card issuer in the United States after JP Morgan Chase and CitiGroup.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

7. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as Esther resides in this District, PRA does business within this District, and the actions giving rise to the causes of action in this Complaint, *infra*, occurred primarily within this District.

## FACTUAL ALLEGATIONS

8. In 2016 Mazin maintained a credit card account with Capital One ending in x1650 which was for his personal use.

9. Sometime in mid-August 2017 Mazin discovered a series of unauthorized charges made by Inter1 (Seoul) ("Inter1") on the x1650 card. Mazin reasonably believed he had been the victim of identity theft and contacted Capital One. During those conversations Capital One closed the account ending in x1650 and issued Mazin a new card ending in x8424.

10. Despite changing cards Mazin discovered a new series of unauthorized charges in mid-October 2017 that were made between September 1, 2017 and through mid-October 2017 by FHT*Frugout (Shanghai, Shisha) ("FHT") on the card ending in x8424. Mazin reasonably believed that the identity theft was still on-going so he again contacted Capital One. Capital One closed the account ending in x8424 and issued Mazin a new card ending in x2534.

11. Despite changing cards in November 2017 Mazin's card ending in x2534 incurred new unauthorized charges from FHT between October 2017 and May 2018. Mazin reasonably believed that the identity theft was still on-going so he again contacted Capital One. Capital One closed the account ending in x2534 and issued Mazin a new card ending in x3119.

12. Between November 22, 2017 through April 20, 2018 Mazin's Capital One cards ending in x1650, x2534, and x8424 incurred unauthorized charges totaling $10,590.00 due to activity by Inter1 which include, but are not limited to the following:

  a. 11/22/2017 - $360.00
  b. 12/06/2017 - $100.00
  c. 12/07/2017 - $20.00
  d. 12/09/2017 - $1,000.00
  e. 12/18/2017 - $20.00
  f. 12/28/2017 - $500.00
  g. 01/01/2018 - $400.00
  h. 01/03/2018 - $800.00
  i. 01/04/2018 - $150.00
  j. 01/04/2018 - $100.00
  k. 01/06/2018 - $1,000.00
  l. 01/08/2018 - $50.00
  m. 01/08/2018 - $400.00
  n. 01/11/2018 - $100.00
  o. 01/11/2018 - $800.00
  p. 01/13/2018 - $900.00
  q. 01/12/2018 - $150.00
  r. 01/17/2018 - $40.00
  s. 04/10/2018 - $855.00
  t. 04/11/2018 - $200.00
  u. 04/12/2018 - $100.00
  v. 04/12/2018 - $45.00
  w. 04/15/2018 - $900.00
  x. 04/16/2018 - $400.00
  y. 04/17/2018 - $200.00
  z. 04/18/2018 - $500.00
  aa. 04/19/2018 - $300.00
  bb. 04/19/2018 - $100.00
  cc. 04/20/2018 - $100.00

*See Exhibit A* - August 18, 2018 Letter

13. Mazin contacted Capital One repeatedly to dispute the charges made by both Inter1 and FHG.

14. On or about August 20, 2018 Mazin received correspondence from Capital One dated August 18, 2018 which is attached as Exhibit A.

15. In Exhibit A Capital One notifies Mazin that they are crediting $10,590.00 back to his account. *See Exhibit A* at p. 1.

16. Capital One also requested additional information related to the dispute noting the charges listed in Paragraph 10 that were made on the account by Inter1. *See Exhibit A*. The additional documentation included a 3 page form from Capital One. *Id*. at pp. 3-5.

17. Mazin returned the form to Capital One via fax on August 27, 2018.

18. Despite this initial dispute resolution Capital One continued to send statements and other contact in an attempt to collect these reversed charges.

19. On December 21, 2018 Mazin, through Counsel, sent additional information to Capital One to assist in the apparent on-going investigation for which Mazin had not received any additional correspondence other than Exhibit A. A copy of the December 21, 2018 letter is attached as Exhibit B.

20. Exhibit B provided Capital One with an identity theft affidavit; a personal affidavit from Mazin putting Capital One on notice of the identity theft he previously notified them of; and several billing statements. *See Exhibit B* at pp. 2-41.

21. Despite sending Exhibit B neither Mazin nor Counsel received any subsequent correspondence from Capital One.

22. On February 4, 2019 Mazin, through Counsel, sent Capital One correspondence captioned "Notice of Billing Error" a copy of which is attached as Exhibit C. In Exhibit C

Mazin, through Counsel, again provided Exhibit B to Capital One and specifically asked Capital One to correct the billing errors related to the unauthorized charges related to Inter1 and FHG.

23. On February 5, 2019 an unknown representative at Capital One contacted Mazin's Counsel who sent Exhibit C to discuss presumably Exhibit B. The representative identified himself as a "manager" and indicated Capital One was adhering to its position that Mazin owed the unauthorized charges.

24. To date neither Mazin no Counsel has received any written correspondence from Capital One in response to Exhibit C.

25. Since February 5, 2019 and through the filing of this Complaint Mazin continues to receive both written and telephonic correspondence from Capital One demanding he pay the $10,590.00 in unauthorized charges.

## COUNT ONE: ILLINOIS FRAUD ACT
### (815 ILCS 505/2)

26. The Plaintiff reincorporates all allegations contained in Paragraphs 1 through 25 as if fully restated herein.

27. The Illinois Fraud Act at 815 ILCS 505/2, states, in relevant part:

*Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact with intent that others rely upon the concealment, suppression or omission of such material fact... in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.*

28. The Illinois Fraud Act at 815 ILCS 505/2, states, in relevant part:

*Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion, may award actual economic damages or any other relief which the court deems proper.*

5

29. Based on Exhibits B and C, Capital One violated the Fraud Act, specifically 815 ILCS 505/2, by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempts to "investigate" the identity theft which despite occurring almost 18 months ago has never been resolved. Capital One additionally engaged in an unfair and deceptive act by initially reversing the charges as indicated in Exhibit A but reversing that decision without any justification or communication to Mazin.

30. Capital One's conduct as detailed *supra*, constitutes unfair conduct under the Fraud Act.

31. Capital One's conduct detailed *supra*, was immoral, unethical, unscrupulous and oppressive, especially in that Capital One was, at all times relevant, in a position of strength in relation to Mazin.

32. Capital One owes Mazin a duty of good faith and fair dealing. Capital One as the third largest credit card company in the United States has established procedures for fraud prevention and identity theft. Based on Exhibit A Capital One began to timely investigate but based on Exhibits B and C Capital One failed to continue its own investigation despite Mazin's compliance with all requests for information.

33. Capital One's conduct violates public policy because, as detailed herein, Capital One used false and deceptive representations in connection with their collection of the unauthorized charges.

34. As pled, supra, Mazin has been harmed by, and continues to suffer from harm resulting from, the unfair and deceptive practices of Capital One in making misrepresentations described herein.

35. In addition Capital One's conduct has caused Mazin to suffer great emotional distress driven by the fear that he may owe Capital One over $10,000.00 in unauthorized charges which has resulted in loss of sleep, anxiety, depression, embarrassment, and other significant emotional distress.

36. Capital One's conduct, as pled, *supra* was outrageous, willful, and wanton, and it showed reckless disregard for Mazin's rights.

37. In addition, due to the nature of Capital One's conduct, Mazin is entitled to recover punitive damages.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff MAZIN ISSAC prays for the Entry of Judgment in his favor against Defendant CAPITAL ONE BANK (USA), N.A. as follows:

A. For a finding that Capital One violated the Illinois Fraud Act;

B. For an award to Issac of statutory damages;

C. For an award to Isaac of actual damages in a total amount to be determined at trial;

D. For an award to Issac of punitive damages in a total amount to be determined at trial;

E. For an award to Isaac of all of his reasonable attorneys' fees and costs; and

F. Granting such other and further relief as is just and proper.

## COUNT TWO: FAIR CREDIT BILLING ACT
### (15 U.S.C. § 1601, *et seq.*)

38. The Plaintiff reincorporates all allegations contained in Paragraphs 1 through 25 as if fully restated herein.

39. The unauthorized use of Mazin's credit card(s) constitutes a "billing error" as that term is used in the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666.

40. Based on Exhibit A, Capital One corrected any billing errors by issuing a credit of the $10,590.00 in charges on August 18, 2018. *See Exhibit A*.

41. Based on Exhibit B and Exhibit C despite this initial decision and corrective statements, Capital One after August 18, 2018 sent billing statements to Mazin informing him of the $10,590.00 owed.

42. Both Exhibits B and Exhibit C enabled Capital One to identify the name and account number of Mazin. *See Exhibits B and C*.

43. Both Exhibits B and C set forth the reasons with specificity for Mazin's belief that the statements issued by Capital One contained billing error(s) with respect to the charges made by Inter1 and FHG. *Id.*

44. Both Exhibits B and C were sent to the address designated by Capital One on its monthly billing statements for notices of billing errors.

45. Exhibits B and C were each a "Notice of Billing Error" as that term is used in the FCBA. 15 U.S.C. § 1666(a).

46. Regulation Z, which implements the FCBA, requires a creditor like Capital One to conduct a "reasonable investigation" after it receives a Notice of Billing Error.

47. Based on the allegations contained herein, *supra*, and Exhibits A, B and C, Capital One did not conduct a reasonable investigation into either Exhibit B or Exhibit C. In addition to not responding in writing to Exhibits B and C, Capital One also contacted both Mazin and Mazin's Counsel to inform them after the receipt of Exhibits B and C that Capital One was now stating that Mazin owed the $10,590.00 in unauthorized charges.

48. Any internal investigation conducted by Capital One in response to Exhibits B and C was not reasonable based on the initial investigation by Capital One that led to Exhibit A to be drafted and then all of Capital One's actions after that time including its non response to Exhibits B and C.

49. Capital One's actions have caused Mazin actual damages including, but not limited to, (1) having to hire counsel to draft Exhibits B and C and (2) based on the actions of Capital One described herein, *supra*, being liable for $10,590.00 in unauthorized charges.

50. The allegations contained herein, *supra*, demonstrate that Capital One's actions were part of a pattern or practice of failure to comply with its obligations under the FCBA.

51. By failing to comply with the FCBA in investigating Exhibits B and/or Exhibit C, Capital One is subject to liability pursuant to 15 U.S.C. § 1640.

WHEREFORE Plaintiff MAZIN ISSAC prays for the Entry of Judgment in his favor against Defendant CAPITAL ONE BANK (USA), N.A. as follows:

A. For a finding that Capital One violated 15 U.S.C. § 1666(a);

B. For an award to Issac of statutory damages;

C. For an award to Isaac of actual damages in a total amount to be determined at trial;

D. For an award to Isaac of all of his reasonable attorneys' fees and costs; and

E. Granting such other and further relief as is just and proper.

## COUNT THREE: TRUTH IN LENDING ACT
### (15 U.S.C. § 1641, *et seq*.)

52. The Plaintiff reincorporates all allegations contained in Paragraphs 1 through 25 as if fully restated herein.

53. The Truth in Lending Act generally precludes a credit card issuer from imposing more than $50.00 in liability for the unauthorized use of a credit card. 15 U.S.C. § 1643.

54. The purchases described above, *supra*, and in Exhibits A through C were each "unauthorized use" as that term is defined by TILA as none of the $10,590.00 in purchases made by Inter1 and FHG were made by a person who had actual, implied, or apparent authority for such use. *See generally* Exhibits A, B, and C.

55. Mazin received no benefit from the unauthorized use.

56. As described above, *supra*, Mazin directly notified Capital One of the unauthorized uses as he became aware of them which triggered new credit cards to be issued.

57. Mazin, through Counsel, sent Exhibits B and C providing Capital One of the unauthorized uses on December 21, 2018 and February 5, 2019 respectively. *See* Exhibits B and C.

58. From the direct communications by Mazin and the communications by Mazin, through Counsel, in Exhibits B and C, the card issuer had all of the pertinent information about the unauthorized uses by Inter1 and FHG.

59. Because the charges made by Inter1 and FHG were unauthorized, Mazin's liability was limited to no more than $50.00.

60. Nonetheless Capital One has repeatedly demanded payment of the $10,590.00 since initially issuing the credit as demonstrated by Exhibit A.

61. As a result, Capital One has violated TILA's unauthorized use limitation contained in 15 U.S.C. 1643.

62. A violation of 15 U.S.C. § 1643 is actionable under 15 U.S.C. § 1640.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff MAZIN ISSAC prays for the Entry of Judgment in his favor against Defendant CAPITAL ONE BANK (USA), N.A. as follows:

F. For a finding that Capital One violated 15 U.S.C. § 1643;

G. For an award to Issac of statutory damages;

H. For an award to Isaac of actual damages in a total amount to be determined at trial;

I. For an award to Isaac of all of his reasonable attorneys' fees and costs; and

J. Granting such other and further relief as is just and proper.

      Respectfully Submitted,

      DannLaw

      By:    /s/Rusty A. Payton
             Rusty A. Payton
             Marc E. Dann
             Brian D. Flick
             DannLaw
             115 S. LaSalle Street, Suite 2600
             Chicago, IL 60603
             notices@dannlaw.com
             (312) 702-1000

             John F. Stimson
             The Law Offices of John F. Stimson, Ltd.
             9933 Lawler Avenue #312
             Skokie, IL 60077
             *Attorneys for Plaintiff Mazin Issac*

## JURY DEMAND

Plaintiff Mazin Isaac hereby requests a trial by jury on all issues with the maximum number of jurors permitted by law.

      By:    /s/Rusty A. Payton
             Rusty A. Payton
             Rusty A. Payton
             DannLaw
             115 S. LaSalle Street, Suite 2600

Chicago, IL 60603
notices@dannlaw.com
(312) 702-1000

John F. Stimson
The Law Offices of John F. Stimson, Ltd.
9933 Lawler Avenue #312
Skokie, IL 60077
*Attorneys for Plaintiff Mazin Issac*